NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MADRIZ-TOVAR,<br><br>                    Petitioner,<br><br>        v.<br><br>ROY L. HENDRICKS,<br><br>                    Respondent. | Civil Action No. 13-1681 (WJM)<br><br><br>OPINION |

**APPEARANCES**:

    DAVID MADRIZ-TOVAR, A 076-451-189
    Essex County Correctional Center
    354 Doremus Avenue
    Newark, New Jersey 07105
    Petitioner Pro Se

**MARTINI,** District Judge:

    On March 7, 2013, David Madriz-Tovar filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his post-removal period detention at Essex County Correctional Center in the custody of the Department of Homeland Security ("DHS") without a hearing.  This Court will summarily dismiss the Petition because Madriz-Tovar has not alleged facts showing: (1) he has been detained for more than six months after the beginning of his removal period, and (2) there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as required by Zadvydas v. Davis, 533 U.S. 678, 701 (2001), to make the government respond with evidence sufficient to rebut that showing.

## I.   BACKGROUND

David Madriz-Tovar asserts the following facts:   DHS took him into custody on March 23, 2012; the Immigration Judge entered an order of removal on October 2, 2012; and he did not appeal the order of removal to the Board of Immigration Appeals.   (ECF No. 1 at 5.)   He challenges his detention by DHS on the following grounds, which are set forth here verbatim:

> GROUND ONE:   MY CURRENT DETENTION IS UNLAWFULLY PROLONGED AND ABROGATES ZADVYDAS V. DAVIS.
> Supporting Facts: I have been in detention for over six months after a final order of removal was entered against me.   I have cooperated fully with ICE's efforts to remove me, yet they have been unable to do so.
>
> GROUND TWO:   RESPONDENTS HAVE NOT PROVIDED ME WITH A CONSTITUTIONALLY ADEQUATE CUSTODY REVIEW AND HAVE ONLY CONDUCTED FILE REVIEWS TO DETERMINE MY CUSTODY.
> Supporting Facts:   A file custody review was conducted on 2/20/2013 where ICE decided to continue my detention, I was never personally interviewed or given a fair opportunity to show why I should be released.
>
> GROUND THREE:   RESPONDENTS HAVE NOT SHOWN CAUSE WHY MY DETENTION PAST THE PRESUMPTIVE SIX MONTH PERIOD IS CONSTITUTIONALLY FAIR OR JUST.
> Supporting Facts:   In abrogating Zadvydas, a Supreme Court precedent, the respondents at the very least should be ordered to show cause why my detention has exceeded the presumptive six month period after a final order of removal has been given.
>
> GROUND FOUR:   I AM ENTITLED TO RELIEF UNDER ZADVYDAS V. DAVIS.
> Supporting Facts:   (See foregoing Grounds I through III).

(ECF No. 1 at 6-8.)

In the Petition, Madriz-Tovar seeks the following relief:   "(1) order respondents to show cause within 20 days of receiving this filing why petitioner's detention is still lawful & warranted; (2) review respondents filing to the Court within 20 days after receipt by the Clerk;

(3) order that petitioner be released on supervision within 60 days of initiation of these proceedings under § 2241." (ECF No. 1 at 8.)

## II.   DISCUSSION

A.   Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:   (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates federal law. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005).

B.   Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Dismissal without the filing of an answer or the State court record is

warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Id.; see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.   Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). See Demore v. Kim, 538 U.S. 510 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").  Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period."  See  8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').")  8 U.S.C. § 1231(a)(1)(A).

This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

To avoid serious constitutional concerns, the Supreme Court held in Zadvydas that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention under § 1231(a)(6). Id. at 701. But the Supreme Court also held that, to state a claim under § 2241 sufficient to require the government to respond, the alien must provide in the petition facts showing good reason to believe that there is no significant likelihood of the alien's actual removal in the reasonably foreseeable future:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to

5

>remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

In this case, Madriz-Tovar states that an Immigration Judge ordered his removal on October 2, 2012. Since Madriz-Tovar asserts that he did not appeal the order of removal to the Board of Immigration Appeals, the order of removal became final [1] on November 2, 2012, when the time for seeking review by the BIA expired. See 8 C.F.R. § 1240.15 (An appeal from a decision of an immigration judge to the BIA "shall be filed within 30 calendar days after the mailing of a written decision, the stating of an oral decision, or the service of a summary decision"). Since the removal period begins on the "date the order of removal becomes administratively final," 8 U.S.C. § 1231(a)(1)(B)(i), Madriz-Tovar's removal period began on November 2, 2012, when the time to appeal to the BIA expired. Accordingly, the six-month presumptively reasonable period of post-removal-period detention under Zadvydas will not expire until May 2, 2013.

"This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." Zadvydas, 533 U.S. at 701. Contrary to Madriz-Tovar's

---

[1] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); see also 8 C.F.R. § 1241.1; Giraldo v. Holder, 654 F.3d 609, 611 (6th Cir. 2011); Hakim v. Holder, 611 F.3d 73, 77 (1st Cir. 2010); Chupina v. Holder, 570 F.3d 99, 103 (2d Cir. 2009); United States v. Calderon-Minchola, 351 Fed. App'x 610, 611 n.1 (3d Cir. 2009).

6

contention, the burden to show that removal is foreseeable does not fall on the government. Rather, the Zadvydas Court expressly held that the alien must provide in the § 2241 petition good reason to believe removal is not foreseeable before DHS will be required to respond: "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701; see also Barenboy v. Attorney General of U.S., 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

Madriz-Tovar is not entitled to habeas relief on Grounds One, Three and Four of the Petition (claiming violation of his rights under Zadvydas) because Madriz-Tovar has not been detained beyond the presumptively reasonable six-month period and, in any event, he "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Encarnacion-Mendez v. Attorney General of U.S., 176 Fed. App'x 251, 254 (3d Cir. 2006). In Ground Two, he claims that the government failed to provide him with a constitutionally adequate hearing, where the February 20, 2013, custody review was conducted outside his presence.[1] But under Zadvydas, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period and he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future.

---

[1] Madriz-Tovar does not claim that DHS violated its own regulations in conducting the custody

Id.  In the absence of this factual showing by Madriz-Tovar, Zadvydas requires this Court to dismiss the Petition without ordering the government to respond, as Madriz-Tovar has not alleged facts showing that his detention violates the Constitution, laws or treaties of the United States.  See, e.g., Joseph v. United States, 127 Fed. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6):  "Under Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here"); Soberanes v. Comfort, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").  The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) after May 2, 2013, in the event that Madriz-Tovar can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

### III.   CONCLUSION

The Court will dismiss the Petition.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: March 26 , 2013

review.   (ECF No. 1.)